NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OVERLAND LEASING GROUP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-05850 (SDW) |
| FIRST FINANCIAL CORPORATE SERVICES, INC.; FORTRAN GROUP INTERNATIONAL, INC.; F.F.C. SERVICES, INC.; GEORGE R. FUNARO & CO., P.C.; KMA ASSOCIATES; DINESH DALMIA; RADHA DALMIA; IGTL SOLUTIONS (USA), INC., VANGUARD INFO-SOLUTIONS CORPORATION; IGTL SOLUTIONS (USA), INC.; GREG L. RHODES; THOMAS TURRIN & CO., CPA, P.C.; and JOHN DOES I THROUGH X, | : | OPINION<br><br>November 7, 2007 |
| Defendants. | : | |

**WIGENTON**, District Judge.

Before the Court is defendant Thomas Turrin & Co., CPA, P.C.'s ("Defendant") Motion to Dismiss plaintiff Overland Leasing Group, LLC's ("Plaintiff") Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In the Amended Complaint, Plaintiff alleges that Defendant committed acts of negligent misrepresentation, accountants' malpractice and intentional tort. The Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons

discussed below, the Court denies Defendant's Motion to Dismiss.

**I. Background**

This action arises out of an alleged fraudulent equipment leasing scheme centered in New Jersey involving the leasing of substandard and/or non-functional computer and technology equipment marketed and warranted as new, fully functional, and state-of-the-art. (Am. Compl. ¶ 21.) Plaintiff is the assignee for value of equipment leased to Allserve Systems Corp. ("Allserve"),[1] a Texas corporation with its principal place of business in North Brunswick, New Jersey. Plaintiff alleges that Defendant,[2] along with George R. Funaro & Co., P.C. and KMA Associates (collectively the "Accountant Defendants") furthered the unlawful scheme of the other defendants in this matter by preparing financial statements and audits that did not reflect the true financial conditions of Allserve. (Am. Compl. ¶ 22.)

Plaintiff filed a complaint on December 6, 2006 against all defendants. By Order dated May 8, 2007, the Court allowed Plaintiff to amend the original complaint. On June 7, 2007, Plaintiff filed the Amended Complaint alleging negligent misrepresentation, accountants' malpractice, and intentional tort.[3]

---

[1] Allserve is a debtor in a bankruptcy proceeding in the United States Bankruptcy Court for the District of New Jersey. As such, Allserve is not named as a defendant in this matter.

[2] Defendant is a New York professional corporation that acted as an auditor and accountant for Allserve. (*See* Am. Compl. ¶ 6.)

[3] In addition to the negligent misrepresentation, accountants' malpractice, and intentional tort claims against the Accountant Defendants, Plaintiff's Amended Complaint sets forth claims for breach of contract, fraud, and violations of the Federal Racketeer Influenced & Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, against all other defendants.

**II. Legal Standard**

A claim is dismissed pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Because granting a motion to dismiss under Rule 12(b)(6) may result in premature dismissal, the court must accept "the allegations of [a] complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff." *Bd. of Trs. of Bricklayers v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (D.N.J. 2001). Thus, a motion to dismiss under Rule 12(b)(6) "'is designed to screen out cases where 'a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted.'" *Port Author. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999).

**III. Discussion**

    **A. Choice of Law**

Defendant concedes that "there is no actual conflict between New York law and New Jersey law regarding the issue of an accountant's liability to non-clients." (Def.'s Mot. to Dismiss 8.) Defendant submits, however, that "if this Court were to conclude that there was some conflict between New York law and New Jersey law on this issue, New York law should apply." (Def.'s Mot. to Dismiss 8.)

In New Jersey, accountant liability to third parties is governed by N.J. Stat. Ann. § 2A:53A-

25.[4]  The statute provides that an accountant cannot be liable to a third party unless the accountant:

> (a) knew at the time of the engagement by the client, or agreed with the client after the time of the engagement, that the professional accounting service rendered to the client would be made available to the claimant, who was specifically identified to the accountant in connection with a specified transaction made by the claimant;
> (b) knew that the claimant intended to rely upon the professional accounting service in connection with that specified transaction; and
> (c) directly expressed to the claimant, by words or conduct, the accountant's understanding of the claimant's intended reliance on the professional accounting service[.]

N.J. Stat. Ann. § 2A:53A-25b(2)(a)-(c) (2000).  Similarly in New York, the following elements must be satisfied:

> (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance.

*Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 551 (1985).

The Court agrees with Defendant that there is no actual conflict between the laws of New Jersey and New York regarding accountant liability to third parties.  Because no actual conflict exists, the Court is to apply the law of the forum state.[5]  *See Hoffer v. Infospace.com, Inc.*, 102 F.

---

[4] N.J. Stat. Ann. § 2A:53A-25 was enacted "to limit the impact of [the] 1983 *Rosenblum* decision that greatly expanded the scope of accountants' liability to all reasonably foreseeable claimants."  *E. Dickerson & Son, Inc. v. Ernst & Young, LLP*, 179 N.J. 500 (2004).  Notably, N.J. Stat. Ann. § 2A:53A-25 does not shield accountants for intentional acts of fraud or intentional acts which assisted a client in fraud.

[5] The Third Circuit Court of Appeals has stated that, where no conflict exists, the applicable laws of either state may be used "interchangeably."  *See Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006) (citing *On Air Entm's Corp. v. Nat'l Indem. Co.*, 210 F.3d 146, 149 (3d Cir. 1999)).

Supp. 2d 556, 562 (D.N.J. 2000); *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 469 (D.N.J. 1998).  Therefore, the Court will apply New Jersey law.

**B. Application**

Plaintiff argues that it has adequately pled claims of accountants' malpractice and negligent misrepresentation under both New Jersey and New York law. (*See* Pl.'s Opp'n 11-21.)  Plaintiff also claims that it has adequately pled intentional tort.  (Pl.'s Opp'n 21-27.)[6]  Defendant, on the other hand, asserts that Plaintiff has not stated claims of negligent misrepresentation and accountants' malpractice either under New Jersey or New York law.  (*See* Def.'s Mot. to Dismiss 2.)  Further, Defendant contends that Plaintiff's intentional tort claim has not been pled with particularity pursuant to Federal Rule of Civil Procedure 9(b).[7]

Under the liberal federal pleading rules, it is not required to plead evidence or all the facts that serve as a basis for the claim. *See Bogosian V. Gulf Oil* Corp., 561 F.2d 434, 446 (3d Cir. 1977); *see also Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004).  What is required is that "the pleadings give [the] defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984).  Additionally, "[i]f more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston*, 363 F.3d at n.6.  "It is a first principle of federal civil procedure that litigants 'are entitled to discovery before being

---

[6] Notably, Plaintiff does not claim to have relied upon financial reports prepared by Defendant before its initial investment, but rather that due to Defendants' financial reports it was unable to mitigate its loss after its investment.

[7] Federal Rule of Civil Procedure 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).

put to their proof.'" *Id.* Moreover, "the courts should be 'sensitive' to the fact that application of the Rule prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.'" *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3d Cir. 1992).

The Court recognizes that Plaintiff has not proven all the elements as to Defendant's alleged liability for negligent misrepresentation, accountants' malpractice and intentional tort.[8] However, "'[t]he issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims.'" *Syncsort Inc. v. Sequential Software , Inc.*, 50 F. Supp. 2d 318, 325 (D.N.J. 1999) (citation omitted). Thus, by allowing Plaintiff to avail itself of discovery, Plaintiff will have an opportunity to support its claim that "[t]he audit opinions and financial statements of [Defendant] . . . would have alerted Plaintiff to the precarious financial conditions of Allserve and Allserve, plc had they been prepared accurately and Plaintiff would have promptly exercised its rights to avoid or mitigate losses." (Pl.'s Opp'n 27.) To dispose of these claim at this early stage in the litigation process would be premature.

After considering the liberal federal pleading rules and the high standards a movant must meet in order to dismiss a complaint under Rule 12(b)(6), the Court determines that denying Defendant's Motion to Dismiss is appropriate at this time. Plaintiff's Amended Complaint has provided Defendant fair notice of the claims brought against it and the grounds upon which they rest. Accordingly, Plaintiff's claims of negligent misrepresentation, accountants' malpractice, and intentional tort may proceed.

---

[8] To state a claim of intentional tort or fraud, Rule 9(b) requires that a plaintiff plead the following: "(1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3d. Cir. 1992).

**IV. Conclusion**

    For the foregoing reasons, the Court denies Defendant's Motion to Dismiss.

                                        s/ Susan D. Wigenton, U.S.D.J.